IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

    **Petitioner,**

    v.        **CASE NO. 20-3223-SAC**

**JOE RUCKER,**

    **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The Court has conducted an initial review of the Petition and for the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed without prejudice.

**Background**

Petitioner is a prisoner at the Shawnee County Jail being held on probation violations. He was sentenced in 2020 in two different cases to 12 months suspended sentence and 12 months probation. *See* Case Nos. 19-CR-2646 and 20-CR-672, Shawnee County District Court. His grounds for relief involve his state criminal proceedings. Petitioner alleges he has not "been through the proper processes" of the convictions, "such as being sat at liberty for classes, job assignment, and/or other proponents described in the statute that I'm confined for!" He further alleges, "I've got over 90 days built on this, still no program or exoneration or modification." His request for relief includes "[e]xoneration in an urgent fashion and/or being sat back at liberty to get returned to my dependent and/or independent responsibilities!" (ECF No. 1, at 7).

1

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Analysis**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility). "The exhaustion of state remedies includes both administrative and state court remedies." *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)

In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Bear v. Boone*, 173

F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). Petitioner ultimately bears the burden of showing he has exhausted available state remedies. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993); *see also Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000).

Mr. Price gives no indication that he has fully presented his claim to any state court. He does not allege that no state remedy is available to address his claims, and this Court cannot rule out the possibility that the Kansas courts would entertain Mr. Price's claim. Thus, it is appropriate that this petition be dismissed without prejudice to allow Mr. Price to exhaust his state remedies. *See Anderson v. Bruce,* 28 F. App'x 786, 788 (10th Cir. 2001).

Petitioner is given an opportunity to show good cause why his Petition should not be dismissed without prejudice to refiling after he has exhausted available state court remedies.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **May 5, 2021,** in which to show good cause, in writing, why his Petition should not be dismissed without prejudice. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED**.

**Dated April 5, 2021, in Topeka, Kansas.**

                                                **s/_Sam A. Crow_____**
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**