IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

    **Petitioner,**

    v.                                                                    CASE NO. 20-3223-SAC

**JOE RUCKER,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On April 5, 2021, the Court directed Petitioner to show cause why his petition should not be dismissed without prejudice due to his failure to exhaust available state court remedies. (ECF No. 6.) Petitioner filed a response and a supplement to his response. (ECF Nos. 7 and 8.) Having reviewed the responses, the Court finds that Petitioner has not shown good cause why his petition should not be dismissed for failure to exhaust.

**Background**

Petitioner is a prisoner at the Shawnee County Jail being held on probation violations. He was sentenced in 2020 in two different cases to 12 months suspended sentence and 12 months probation. *See* Case Nos. 19-CR-2646 and 20-CR-672, Shawnee County District Court. His grounds for relief involve his state criminal proceedings. Petitioner alleges he has not "been through the proper processes" of the convictions, "such as being sat at liberty for classes, job assignment, and/or other proponents described in the statute that I'm confined for!" He further alleges, "I've got over 90 days built on this, still no program or exoneration or modification." His request for relief includes "[e]xoneration in an urgent fashion and/or being sat back at liberty to get returned to my dependent and/or independent responsibilities!" (ECF No. 1, at 7).

1

**Analysis**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility).

In his response to the Court's show-cause order, Petitioner asserts that he exhausted his administrative remedies related to his claims. As stated in the show cause order, "[t]he exhaustion of state remedies includes both administrative and *state court* remedies." *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (emphasis added).

Petitioner has not met his burden of showing he has exhausted available state remedies. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993); *see also Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000). Mr. Price gives no indication that he has fully presented his claim to any state court. He does not allege that no state remedy is available to address his claims, and this Court cannot rule out the possibility that the Kansas courts would entertain Mr. Price's claim. Thus, it is appropriate that this petition be dismissed without prejudice

to allow Petitioner to exhaust his state remedies.  *See Anderson v. Bruce,* 28 F. App'x 786, 788 (10th Cir. 2001).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability will issue.

**IT IS SO ORDERED**.

**Dated October 4, 2021, in Topeka, Kansas.**

**s/_Sam A. Crow_____
Sam A. Crow
U.S. Senior District Judge**